IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY ALLEN HUDSPETH, | § | |
| #90421-510, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-1797-S (BT) |
| | § | |
| UNITED STATES OF AMERICA. | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Federal prisoner Cody Allen Hudspeth filed a motion for return of property under Federal Rule of Criminal Procedure 41(g) in his criminal case, so the Court ordered that this new civil action be opened under 28 U.S.C. § 1331. Mot. (ECF No. 4); *see Bailey v. United States*, 508 F.3d 736, 78 (5th Cir. 2007). Because Hudspeth sought the return of his property through a new civil action, the Court ordered him to either pay the full $405.00 filing fee or move for leave to proceed *in forma pauperis* (IFP) on the court-approved form by July 2, 2026. *See* Order and Notice of Deficiency (NOD) (ECF No. 5). The Court warned Hudspeth that his failure to pay the filing fee or obtain IFP status would result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

Hudspeth's deadline for compliance with the NOD has passed, but he has not complied with the Court's instructions or otherwise responded to the NOD.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal

rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Hudspeth's failure to pay the full filing fee or submit a proper IFP application with a certificate of inmate trust account have prevented this action from proceeding. Thus, the Court should dismiss Hudspeth's case without prejudice for failure to prosecute and failure to follow Court orders. *See*, *e.g.*, *Wildhaber v. United States*, 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) (Ramirez, J.) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *rec. accepted* 2020 WL 2542735 (N.D. Tex. May 19, 2020) (Kinkeade, J.).

## Recommendation

The District Judge should dismiss Hudspeth's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

July 29, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).